# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

XAVIER DEMERIS STEWART,

    Plaintiff,

v.                                    CASE NO. 8:09-CV-2001-T-30TGW

KARL MAURICE BROOKS, et al.,

    Defendants.
_____/

# **O R D E R**

Before the Court is Plaintiff's civil rights complaint filed pursuant to 28 U.S.C. § 1983 (Dkt. 1). With his complaint, Plaintiff filed an Affidavit of Indigency in which he requests to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (Dkt. 2).

## DISCUSSION

**Standard of Review**

Since Plaintiff seeks to proceed *in forma pauperis*, the Court may dismiss the case if it finds that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The procedure required by § 1915(e)(2) is a screening process, to be applied by the Court *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915(e)(2).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**Discussion**

Plaintiff's complaint asserts that Defendant Brooks, a bounty hunter employed by a bail bonds company, entered Plaintiff's apartment to apprehend Plaintiff. Plaintiff got on his knees and raised his hands up. Brooks then struck Plaintiff in his face with a flashlight. The blow opened a deep cut on Plaintiff's forehead. Brooks then struck Plaintiff on the back of his head. Brooks handcuffed Plaintiff, dragged him down three flights of stairs, then slammed him down on the ground. No police were present at the scene during these events. Subsequently, the police arrived at the scene.

Plaintiff's complaint also alleges that Plaintiff is suing the apartment complex because it opened Plaintiff's apartment and allowed Brooks to enter it.

Plaintiff names Brooks, Harold Lee Bail Bonds, Allegany Surety, and Grand Oaks, Inc., as defendants in this action. For relief, he seeks compensatory and punitive damages.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Based on the allegations in Plaintiff's complaint, the Court finds that Plaintiff has failed to make the threshold showing required to proceed with a § 1983 claim.

"To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993)(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff's complaint does not allege or demonstrate that Defendants are "state actors" or that the alleged deprivation took place under color of state law as required by § 1983.

Generally, bounty hunters and bail bondsmen are not state actors for purposes of § 1983. *See Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1261 (M.D. Fla. 2004). "'When bondsmen unilaterally apprehend their principals without any assistance from law enforcement officials, courts have consistently found them not to be state actors.'" *Id.* (quoting *McCoy v. Johnson*, 176 F.R.D. 676, 682 (N.D. Ga. 1997)). Plaintiff's complaint

does not allege facts indicating that the State of Florida coerced or significantly encouraged Defendant Brooks' or any Defendant's actions. "[T]he mere possession of an arrest warrant does not render a bail bondsman a state actor under § 1983." *Landry v. A-Able Bonding*, 75 F.3d 200, 205 (5th Cir. 1996). In sum, Plaintiff's complaint fails to allege facts indicating that any Defendant acted under color of state law.

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). The Court cannot, however, proceed with a cause of action under § 1983 where the named Defendants are not state actors.

While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to the plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to carry that burden, and the Court concludes that no relief could be granted against these Defendants under any set of facts that could be proved consistent with the allegations made by Plaintiff in his complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**ACCORDINGLY**, it is **ORDERED** that:

1. Plaintiff's civil rights complaint is **DISMISSED** for failure to state a claim on which the Court may grant relief. (Dkt. 1).

2. The Clerk of Court shall terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*